United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 6, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
For the Fifth Circuit**

No. 02-60705

LA GLORIA OIL AND GAS COMPANY

Petitioner - Cross-Respondent,

VERSUS

NATIONAL LABOR RELATIONS BOARD

Respondent - Cross-Petitioner.

Petition for Review for Enforcement of the
Order of the National Labor Relations Board

Before DUHE', EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

On June 15, 2000, and August 14, 2000, Paper, Allied-Industrial, Chemical and Energy Workers International Union and its Local 4-202 ("Union") filed unfair labor practice charges against La Gloria Oil and Gas Company ("La Gloria"), alleging that La Gloria violated sections 8(a)(1) and (a)(3) of the National Labor Relations Act ("NLRA")on March 12, 2000, by discharging tanker-truck drivers Floyd Saylor and Bill Lampe.  A trial was conducted

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on June 13-15, 2001, by an administrative law judge ("ALJ"). On September 19, 2001, the ALJ issued a decision in which she concluded that La Gloria engaged in interrogation and threats and that Saylor and Lampe were discharged in violation of the NLRA and should be reinstated. The ALJ also ordered that ballots cast by Saylor and Lampe in a vote on whether or not the drivers should join the Union, which were previously excluded due to their dismissals, should be opened and counted. These votes would change the result of the vote in favor of joining the Union.

La Gloria appealed the ALJ's decision to the National Labor Relations Board. A majority of a three-member panel of the Board affirmed the ALJ's decision. La Gloria timely filed a Petition for Review of the Board's decision to this Court on August 28, 2002.

On appeal, La Gloria argues that the Board erred in finding that the General Counsel had established a *prima facie* case against La Gloria so as to shift the burden of proof onto them. La Gloria also argues that the Board erred in finding that La Gloria's proffered reasons for firing Saylor and Lampe were pretextual and that such a finding is not substantiated by the record.

The NLRB's findings of fact, if not influenced by an erroneous view of the law, are conclusive if supported by substantial evidence on the record considered in its entirety. ***Texas Petrochemicals v. NLRB***, 923 F.2d 398, 402 (5th Cir. 1991). A reviewing court should not re-evaluate the credibility of

witnesses, re-weigh the evidence, or reject reasonable Board inferences simply because other inferences might also have reasonably been drawn. *NLRB v. Adco Electric, Inc.*, 6 F.3d 1110, 1115 (5th Cir. 1993). Substantial evidence is such relevant evidence that a reasonable mind would accept to support a conclusion. *Valmont Indus., Inc. v. NLRB*, 244 F.3d 454, 463 (5th Cir. 2001) ("A reviewing court will uphold the Board's decision if it is reasonable and supported by substantial evidence on the record considered as a whole."). "The Board's conclusions of law are also entitled to deference if they have a reasonable basis in the law and are not inconsistent with the Act." *Id.* at 464; *NLRB v. Motorola, Inc.*, 991 F.2d 278, 282 (5th Cir. 1993)("The standard of review for a question of law decided by the Board is *de novo*, but if the Board's construction of the statute is 'reasonably defensible,' its orders are to be enforced.").

Having carefully reviewed the record in this case, as well as the parties' respective briefing, and, in light of the discretion under which this Court reviews the Board's findings, we conclude that the Board's decision should be affirmed. The Board did not err in finding that the General Counsel had established its *prima facie* case, and, though we may not have come to the same conclusion as the Board, we find that substantial evidence exists to support the Board's finding that La Gloria's proffered reasons for firing Saylor and Lampe were pretextual. We therefore AFFIRM the Board's

3

decision.

**AFFIRMED.**